J-S29036-17
J-S29037-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| FRANCISCO CINTRON | |
| Appellant | No. 1503 EDA 2016 |

Appeal from the Judgment of Sentence December 18, 2015
In the Court of Common Pleas of Bucks County
Criminal Division at No(s): CP-09-CR-0000249-2015

\*\*\*\*\*

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| FRANCISCO CINTRON | |
| Appellant | No. 1506 EDA 2016 |

Appeal from the Judgment of Sentence December 18, 2015
In the Court of Common Pleas of Bucks County
Criminal Division at No(s): CP-09-CR-0003117-2014

BEFORE:  LAZARUS, J., SOLANO, J., and STEVENS, P.J.E.[*]

CONCURRING AND DISSENTING STATEMENT BY LAZARUS, J.:**FILED JUNE 12, 2017**

I concur in part and dissent in part.

---

[*] Former Justice specially assigned to the Superior Court.

Unquestionably, the Appellant's Rule 1925(b) statement in 1503 EDA 2016[1] did not "concisely identify[] each ruling or error that [he] intend[ed] to challenge with sufficient detail to identify all pertinent issues for the trial judge."  Pa.R.A.P. 1925(b)(4)(ii).  However, I would find that two issues,[2] specifically those challenging the sufficiency of the evidence and excessiveness of sentence, were preserved on appeal.  These issues were properly identified for the trial court in Appellant's Rule 1925(b) statement which enabled the trial court to sufficiently address those claims in its Rule 1925(a) opinion and while the record indicates that no relief is due, the trial court improperly found them waived.  Hence, my partial dissent.[3]

_____

[1] In 1506 EDA 2016, Appellant failed to file a timely Rule 1925(b) concise statement.  For that reason the trial court found it "constitute[d] a waiver of all objections . . . [and, therefore,] no issues ha[d] been preserved for appeal.  Trial Court Opinion, 6/21/16, at 3.

[2] While the trial court indicates that Appellant waived his weight of the evidence challenge by "failing to raise it in a post-sentence motion, or an oral or written pre-sentence motion . . . [and] generally makes this argument for the first time in his 1925(b) Statement," Trial Court Opinion, 10/4/16, at 15, we note that Appellant did raise a challenge to the weight in his Post-Trial Motion for Reconsideration.  *See* Appellant's Post-Trial Motion for Reconsideration, 12/28/15, at ¶ 28.

[3] I remind appellate counsel that if the lack of conciseness and specificity in Appellant's Rule 1925(b) statement was a result of the fact that she had not yet received all of the "Notes of all Hearings, Motions, and Trial," at the time she filed her initial statement, *see* Pa.R.A.P. 1925(b) Concise Statement of Errors Complained of on Appeal, 7/13/16, at 1, counsel should have followed the prescribed procedure to supplement the statement set forth in Rule 1925(b)(2).  Merely stating that counsel "reserves the right to farther [sic] supplement" the statement is not the equivalent of applying to the trial court and having her request granted by the court "for good cause shown."  *See* Pa.R.A.P. 1925(b)(2).